IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stanley Golson, #200479, | ) | C/A No.: 1:16-743-BHH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Stanley Golson ("Petitioner") is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections who filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [ECF Nos. 20, 21]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [ECF No. 22]. Petitioner filed a response on July 25, 2016, and Respondent filed a reply on July 29, 2016. [ECF Nos. 24, 26].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.    Factual Background

Jannie Wiseman ("Wiseman") worked as a confidential informant for the Lexington County Sheriff's Department ("LCSD"). [ECF No. 21-1 at 62–63, 67, 90–91]. On May 25,

2004, Detective Michael Burke ("Burke") equipped Wiseman with audio surveillance equipment and gave her $40. *Id.* at 62, 69–70, 93. Detective J.J. Jones ("Jones") then dropped Wiseman off on a street adjacent to Petitioner's house. *Id.* at 100–101.[1] Wiseman went to Petitioner's house and asked Petitioner for $40 worth of crack cocaine, and Petitioner gave Wiseman two rocks of crack cocaine, his phone number, and told her "not to deal with anybody else but him." *Id.* at 95–97. Wiseman walked back to Jones's car, showed him the crack cocaine, and Jones drove Wiseman to another location where she gave the crack cocaine to Burke. *Id.* at 97–98. On July 1, 2004, Wiseman was shown a photographic lineup and identified Petitioner as the person she "dealt with May 25, 2004." *Id.* at 105–106.

II.    Procedural Background

Petitioner was indicted by the Lexington County grand jury during the October 2006 term of court for distribution of crack cocaine within proximity of school (2006-GS-32-3491) and distribution of crack cocaine (2006-GS-32-3494).  *Id.* at 333–36. Joshua S. Kendrick, Esq., represented Petitioner at a jury trial on April 3–4, 2007, before the Honorable R. Knox McMahon, Circuit Court Judge. *Id.* at 3 *et seq*. The jury found Petitioner guilty as charged, and Judge McMahon sentenced Petitioner to life without the possibility of parole ("LWOP"). [ECF Nos. 21-1 at 206–207; 21-19].

---

[1] Wiseman had known Petitioner for approximately 20 years prior to the May 25. 2004. interaction. [ECF No. 21-1 at 89].

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Elizabeth A. Franklin-Best, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a final brief on or about June 19, 2009. [ECF No. 21-2]. Attorney Franklin-Best raised the following issue:

> The circuit court erred in sentencing appellant Golson to a sentence of life without parole for distribution of .17 grams of crack cocaine and distribution of .17 grams of crack cocaine within proximity to a school in violation of the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution.

*Id.* at 6.

On July 6, 2010, the Court of Appeals filed an unpublished decision dismissing the appeal. [ECF No. 21-4]. The remittitur was issued on July 22, 2010. [ECF No. 21-5].

Petitioner filed an application for post-conviction relief ("PCR") on September 2, 2010, in which he alleged ineffective assistance of trial and appellate counsel and lack of subject matter jurisdiction. [ECF No. 21-1 at 225–40].

A PCR evidentiary hearing was held before the Honorable Frank R. Addy, Jr., on April 17, 2013, at which Petitioner and his PCR counsel, Charles Brooks, Esq., appeared. *Id.* at 247–315. On February 26, 2014, Judge Addy filed an order of dismissal. *Id.* at 322–32.

Petitioner appealed from the denial of PCR and was represented by Appellate Defender Robert M. Pachak of the South Carolina Commission of Indigent Defense,

3

Division of Appellate Defense. [ECF No. 21-6]. Attorney Pachak filed a *Johnson* petition[2] for writ of certiorari in the South Carolina Supreme Court on or about April 18, 2014, and petitioned to be relieved as counsel. *Id.* The petition raised the following issue: "Whether trial counsel was ineffective in failing to object to the trial judge providing audio equipment that allowed the jury to listen to the tape of the controlled buy with the confidential informant?" *Id.* at 3.

On October 7, 2014, the South Carolina Supreme Court denied Attorney Pachak's motion to be relieved as counsel and directed the parties to address the following question: "Was trial counsel ineffective in failing to object to the trial judge providing audio equipment that allowed the jury to listen to the recording of the controlled buy with the confidential informant?" [ECF No. 21-7]. On or about October 29, 2014, Attorney Pachak filed a petition for writ of certiorari raising the following issue: "Whether trial counsel was ineffective in failing to object to the trial judge providing audio equipment that allowed the jury to listen to the tape of the controlled buy with the confidential informant?" [ECF No. 21-8].

_____

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

On April 22, 2015, the South Carolina Supreme Court granted the petition for writ of certiorari. [ECF No. 21-10]. Attorney Pachak filed a brief of petitioner on or about May 19, 2015, raising the following issue: "Whether trial counsel was ineffective in failing to object to the trial judge providing audio equipment that allowed the jury to listen to the tape of the controlled buy with the confidential informant, when that unduly emphasized that portion of the State's case?" [ECF No. 21-11]. On December 23, 2015, the South Carolina Supreme Court issued an order dismissing certiorari as improvidently granted. [ECF No. 21-13]. The remittitur was issued on January 8, 2016. [ECF No. 21-14].

In the interim, Petitioner had filed a second PCR application on October 30, 2014, alleging illegal sentence and conviction, fraud, perjury, invalid indictments, and prosecutorial misconduct claims. [ECF No. 21-15]. According to a Lexington County Public Index search, a conditional order of dismissal was issued on June 20, 2016.[3]

Meanwhile, Petitioner filed this federal petition for a writ of habeas corpus on March 1, 2016. [ECF No. 1-26 at 2].[4]

---

[3] http://cms.lex-co.com/SCJDWeb/PublicIndex/CaseDetails.aspx?County=32&CourtAgency=32002&Casenum=2014CP3203970&CaseType=V (last visited September 26, 2016).

[4] The petition was received and docketed by the court on March 7, 2016. [ECF No. 1-26 at 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope for the petition reflects it was deposited in the SCDC mailing system on March 1, 2016. *Id.* at 2.

III.    Discussion

    A.    Federal Habeas Issues

Petitioner states the following grounds in his federal habeas petition:

**Ground One**:    The Circuit Court erred in sentencing Appellant Golson to a sentence of life without parole for distribution of .17 grams of crack cocaine and distribution of .17 grams of crack cocaine within proximity to a school in violation of the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution.

                     <u>Supporting Facts</u>: See Attach Sheets. 1-7

**Ground Two**:    Ineffective Assistance of Counsel.

                     <u>Supporting Facts</u>: See Attach Sheets- (A) 1-12, (B) 1-6, (C) 1-7

**Ground Three:**    Ineffective Assistance of Appellate Counsel.

                     <u>Supporting Facts</u>: See - Attached Sheet 1-5

[ECF No. 1 at 5–8].

    B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment

stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

C.      Habeas Corpus Standard of Review

1.      Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see*

*Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that⎯

    (A)     the applicant has exhausted the remedies available in the courts of the State; or

    (B)     (i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

    (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767

(S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[5] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (internal citations omitted). That is to say, the ground must "be presented

---

[5] In *Bostick v. Stevenson*, 589 F.3d 160, 162−65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854.   As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

### b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state

remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), or by "prov[ing] that

failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir.), *cert. denied,* 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

4.   Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claims, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the

prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 562 U.S. at 104; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 88 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 562 U.S. at 105. In such circumstances, the "question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* at 102, quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

14

D.    Analysis

1.    Procedurally-Barred Grounds

As an initial matter, Respondent argues portions of Petitioner's Ground Two and the entirety of Petitioner's Ground Three are procedurally barred. [ECF No. 21 at 24–25]. The undersigned agrees. In Ground Two, Petitioner alleges his counsel was ineffective for failing to: (a) object to or challenge the use of Petitioner's prior convictions for sentencing enhancement, (b) object to the tape being played in court and sent into the jury room, (c) challenge the classification of Petitioner's prior convictions as serious crimes, (d) object to the trial judge providing audio equipment that allowed the jury to listen to the tape of the controlled buy with the confidential informant, (e) challenge an LWOP for the distribution of .17 grams of crack cocaine, (f) bring to the court's attention Petitioner's pending motions to dismiss indictments, (g) interview Petitioner's witnesses and subpoena them for trial, (h) object to Petitioner not being re-indicted or signing a valid waiver, (i) pursue motions for directed verdict, (j) file a motion in opposition to LWOP notice, (k) attack the arrest warrant, and (l) challenge the court's jurisdiction. [ECF No. 1 at 23–45]. In Ground Three, Petitioner claims his appellate counsel was ineffective for failing to raise claims for lack of subject matter jurisdiction and for prosecutorial retaliation claims. *Id.* at 50–53.

To the extent these claims were not raised in Petitioner's PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then

it is procedurally barred from federal habeas review). Petitioner only raised the claim asserted in Ground Two (d) in the South Carolina appellate courts. *See* ECF Nos. 21-6, 21-8, 21-11. Accordingly, Petitioner's remaining claims in Grounds Two and Three are procedurally defaulted and federal habeas review of these claims is barred absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Syke*s, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).

2.    Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of these claims. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, these claims are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (finding that in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.); *Wainwright*, 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a

16

constitutional violation has probably resulted in the conviction of one who is actually innocent") (citing *Murray*); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these claims. Petitioner had a trial, a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues.

Petitioner cites to *Martinez v. Ryan*, 132 S. Ct. 1309, 1318–20 (2012), and alleges Ground Two (a) through (c) and (e) through (l) are not procedurally barred. [ECF No. 1 at 46–49]. Petitioner argues his PCR counsel failed to file a Rule 59(e) motion despite Petitioner having filed a "motion to address all issues" and "expressly request[ing] that his attorney" endorse his motion. [ECF No. 24 at 7, 27–28]. Petitioner argues the allegations in Ground Two are meritorious, and states "there is a reasonable probability he would have received relief on his claims of ineffective assistance in state court." [ECF No. 1 at 46, 49].

In *Coleman v. Thompson*, the Supreme Court held that ineffective assistance of counsel will constitute cause only if it is an independent constitutional violation. 501 U.S. at 755. In *Martinez*, the Court recognized a narrow exception to the rule established in

17

*Coleman* and held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318 (internal citation omitted).

Examining the evidence before the court, the undersigned finds the procedural bar applicable to Petitioner's Ground Two (a) through (c) and (e) through (l) and Ground Three should not be lifted. The undersigned has reviewed the merits of Petitioner's Grounds and finds Petitioner's conclusory allegations and arguments fail to "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318–20 (2012).

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in

18

the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During the trial, the solicitor presented the facts recited in the Factual Background section above and the jury determined Petitioner was guilty of the distribution of crack cocaine charges. The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, the procedural bar applies as to all his claims except his claims in Ground One and Ground Two (d).

### 3.    Merits Review

#### a)    Ground One

In Ground One, Petitioner argues the circuit court erred in sentencing him to LWOP for the distribution of .17 grams of crack cocaine, in violation of the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution. [ECF No. 1 at 5].

On direct appeal, the Court of Appeals denied Petitioner's claim finding:

Stanley Golson was convicted of distribution of crack cocaine and distribution of crack cocaine within proximity of a school. The trial court sentenced Golson to life imprisonment without the possibility of parole under the recidivist statute. Golson appeals, arguing his sentence violates the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 17-25-45(B)(l) (2003) (stating "upon a conviction for a serious offense . . . a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person

19

has two or more prior convictions for . . . a serious offense"); S.C. Code Ann. § 17-25-45(C)(2)(b) (Supp. 2009) (defining "trafficking in ice, crank, or crack cocaine" and "distribut[ing], sell[ing], manufactur[ing], or possess[ing] with intent to distribute controlled substances within proximity of school" as serious offenses); State v. Williams, 380 S.C. 336, 346, 669 S.E.2d 640, 646 (Ct. App. 2008) ("The cruel and unusual punishment clause requires that the duration of a sentence not be grossly disproportionate with the severity of the crime."); Id. at 347-48, 669 S.E.2d at 646 ("Our courts have also determined stiff penalties for drug crimes do not violate the constitutional prohibition against cruel and unusual punishment."); State v. Brannon, 341 S.C. 271, 281, 533 S.E.2d 345, 350 (Ct. App. 2000) (finding the enhanced penalty scheme for serious offenses is not unconstitutional).

_____
[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[ECF No. 21-4].

In his response, Petitioner does not offer any evidence in opposition to Respondent's argument that Petitioner's Eighth Amendment claim is without merit. Accordingly, the undersigned considers this ground to be abandoned. Instead, Petitioner argues the prior convictions used to enhance his sentence to LWOP were "invalid and void due to the state solicitor's office falsifying the charges and documents." [ECF No. 24 at 31]. Petitioner claims the state "should not have used the invalid, void, non-existing, fraud indictment No's 1-7 on the face of the life without parole notice." Id. at 32. Petitioner, however, failed to properly present this argument to the South Carolina appellate courts, and, therefore, this argument is procedurally barred. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Accordingly, Petitioner is not entitled to federal habeas relief on this ground, and the undersigned recommends Ground One be dismissed.

20

b)      Ground Two (d)

In Ground Two(d),Petitioner alleges his counsel was ineffective in failing to object to the trial judge having provided audio equipment, which allowed the jury to listen to the tape of the controlled buy with the confidential informant. [ECF No. 1 at 29].

In rejecting this claim, the PCR court found:

> This Court finds Applicant's various allegations that counsel was ineffective for not making objections and suppression motions are without merit. "When the defendant claims that counsel's failure to articulate a Fourth Amendment claim was ineffective assistance, [the] defendant must show that such claim is **meritorious** and that the verdict would have been different absent the evidence that **should** have been excluded." McHam v. State, 404 S.C. 465, 475-76, 746 S.E.2d 41, 47 (2013) (citing Sikes v. State, 323 S.C. 28, 30, 448 S.E.2d 560, 562 (1994) (emphasis supplied). "The Fourth Amendment to the United States Constitution guarantees the right of the people to be free from unreasonable searches and seizures and provides that no warrants shall be issued except upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized. Id., at 476, 746 S.E.2d at 47 (citing U.S. Const. amend. IV). "A search compromises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property." Id. (internal citations and quotations omitted). This Court finds Applicant had no privacy interest in the wire worn on the informant's person. At the PCR hearing, Applicant acknowledged that he invited the informant into his home as a social guest. Additionally, Applicant had a close personal association with the informant. The record also clearly shows the informant's identity was properly disclosed to counsel. See State v. Humphries, 354 S.C. 87, 90, 579 S.E.2d 613, 615 (2003). Again this Court agrees with counsel's decision to refrain from making a frivolous objection. Therefore, this allegation is denied and dismissed.

> This Court finds Applicant's allegation that counsel was ineffective for failing to object to the admission of the audio tape from the informant's wire based on authenticity is without merit. A proper foundation for the evidence was established. See State v. Aragon, 354 S.C. 334, 336, 579 S.E.2d 626, n.3 (Ct. App. 2003). Next, this Court finds Applicant's allegation that counsel was ineffective for not objecting to the jury having access to exhibits during

deliberations to be wholly without merit. See State v. Steadman, 257 S.C. 528, 542, 186 S.E.2d 712, 717 (1972).

[ECF No. 21-1 at 328–29].

In his response, Petitioner cites to his trial transcript, his PCR application and attached exhibits, the PCR hearing transcript, and his PCR appeal. [ECF No. 24 at 8–21].

Petitioner's evidence and conclusory arguments are insufficient to satisfy the *Strickland* test. In light of Wiseman's selection of Petitioner from a photographic lineup, her testimony that she had known Petitioner for 20 years and he was the person that sold her the crack cocaine, the court cannot find that counsel's failure to object to the judge permitting the jury to listen to the tape of the controlled buy affected the outcome of the Petitioner's trial under *Strickland*. Petitioner has failed to overcome the doubly-deferential standard of review accorded the state court's determination of this issue of ineffective assistance of counsel under *Harrington*. Petitioner has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there were an error, that it was unreasonable. *See Williams*, 529 U.S. at 410. Based on the foregoing, Petitioner is not entitled to federal habeas relief on this ground, and the undersigned recommends that Ground Two (d) be dismissed.

## III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 20] be granted and the petition be dismissed with prejudice. The undersigned also recommends the court deny as moot Petitioner's motion to stay his motion for expansion of record. [ECF No. 11].

22

IT IS SO RECOMMENDED.

September 26, 2016                      Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).