IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanley Golson, #200479, ) | |
| Petitioner, ) | |
| ) | Civil Action No. 1:16-743-BHH |
| v. ) | |
| Warden Leroy Cartledge, ) | **ORDER** |
| Respondent. ) | |

This matter is before the Court on Petitioner Stanley Golson's ("Golson" or "Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On September 26, 2016, Magistrate Judge Shiva V. Hodges filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Respondent's motion for summary judgment, dismiss this action with prejudice, and deny as moot Petitioner's motion to stay. Petitioner filed objections to the Magistrate Judge's Report on October 20, 2016, and Respondent filed a reply on November 7, 2016.

## BACKGROUND

Petitioner is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections, where he is serving a life sentence without the possibility of parole.[1] Petitioner was indicted by the Lexington County grand jury during the

---

[1] Petitioner was sentenced to life without parole based on South Carolina's two strikes/three strikes recidivist statute, S.C. Code Ann. § 17-25-45, because, according to the sentencing transcript, Petitioner had approximately 20 prior drug convictions, including 8 for distribution within proximity of a school, which were entered against him on two prior occasions, in 1999 and 2003. As discussed more thoroughly herein, Petitioner raises various claims in the instant habeas corpus petition challenging the propriety of his sentence.

October 2006 term of court for distribution of crack cocaine within proximity of a school and distribution of crack cocaine. Joshua S. Kendrick, Esq., represented him at a jury trial on April 3-4, 2007, before the Honorable R. Knox McMahon, and the jury found Petitioner guilty as charged.

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals. On appeal, Elizabeth A. Franklin-Best, Esq., of the South Carolina Commission on Indigent Defense represented Petitioner and filed a final brief on June 19, 2009, raising the following issue:

> The circuit court erred in sentencing appellant Golson to a sentence of life without parole for distribution of .17 grams of crack cocaine and distribution of .17 grams of crack cocaine within proximity to a school in violation of the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution.

(ECF No. 21-2 at 6.)

On July 6, 2010, the Court of Appeals filed an unpublished decision dismissing the appeal, and the remittitur was issued on July 22, 2010.

Petitioner filed an application for post-conviction relief ("PCR") on September 2, 2010, alleging ineffective assistance of trial and appellate counsel and lack of subject matter jurisdiction. The Honorable Frank R. Addy, Jr., held an evidentiary hearing on April 17, 2013, at which Petitioner and his PCR counsel, Charles Brooks, Esq., appeared. On February 26, 2014, Judge Addy filed an order of dismissal, denying several of Petitioner's claims and finding that Petitioner effectively abandoned certain other of his claims. Neither Petitioner nor counsel filed a Rule 59 motion seeking to have the PCR court address any issues other than those addressed in the February 2014 order.

Petitioner appealed the denial of his PCR application, and Robert M. Pachak, Esq.,

of the South Carolina Commission of Indigent Defense, represented Petitioner on appeal. Pachak filed a *Johnson*[2] petition for a writ of certiorari with the South Carolina Supreme Court on April 18, 2015, raising the following issue: "Whether trial counsel was ineffective in failing to object to the trial judge providing audio equipment that allowed the jury to listen to the tape of the controlled buy with the confidential informant?"[3]  (ECF No. 21-6 at 3.) Pachak also petitioned to be relieved as counsel, but on October 7, 2014, the South Carolina Supreme Court denied Pachak's motion and directed the parties to address the question raised in Pachak's *Johnson* petition.  (ECF No. 21-7.)  Therefore, on October 29, 2014, Pachak filed a petition for a writ of certiorari addressing the issue of whether trial counsel was ineffective for failing to object to the trial judge providing audio equipment that allowed the jury to hear the tape of the controlled buy.  (ECF No. 21-8.)

On April 22, 2015, the South Carolina Supreme Court granted the petition, and Pachak filed a brief on May 19, 2015, addressing the issue set forth above.  On December 23, 2015, however, the South Carolina Supreme Court issued an order dismissing certiorari as improvidently granted.  The remittitur was issued on January 8, 2016.

In the meantime, Petitioner filed a second PCR application on October 30, 2014, alleging, among other things, claims of illegal sentence and conviction, fraud, perjury,

---

[2] *Johnson v. State*, 364 S.E.2d 201, 294 S.C. 310 (1988) (applying factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals).

[3] Jannie Wiseman worked as a confidential informant for the Lexington County Sheriff's Department, and on May 25, 2004, Detective Michael Burke equipped Wiseman with audio surveillance equipment and gave her $40.  Detective J.J. Jones dropped Wiseman off near Petitioner's house, and Wiseman went and asked Petitioner for $40 worth of crack cocaine.  Petitioner gave Wiseman two rocks of crack cocaine, his phone number, and told her "not to deal with anybody else but him."  (ECF No. 21-1 at 95-97.)  Wiseman returned to Jones' car and showed him the drugs, and Jones drove Wiseman to another location where she gave the drugs to Detective Burke.  On July 1, 2004, Wiseman identified Petitioner from a photographic lineup as the individual she "dealt with May 25, 2004."  (*Id.* at 105-06.)

3

invalid indictments, and prosecutorial misconduct. (ECF No. 21-15.) According to a Lexington County Public Index search, a conditional order of dismissal was issued on June 20, 2016.[4]

Petitioner filed the instant § 2254 petition on March 1, 2016, alleging in ground one that the circuit court erred in sentencing him to life without parole for distribution of .17 grams of crack cocaine and distribution of .17 grams of crack cocaine within proximity to a school, in violation of the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution. In ground two, Petitioner alleges various claims of ineffective assistance of counsel, including, *inter alia*, claims that trial counsel was ineffective for failing to object to the use of Petitioner's prior convictions for enhancement of his sentence and for failing to object to the trial judge providing audio equipment that allowed the jury to listen to the tape of the controlled buy. In ground three, Petitioner claims that appellate counsel was ineffective for failing to raise a subject matter jurisdiction issue and a prosecutorial retaliation issue on appeal. (*See* ECF No. 1.)

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to which

---

[4]http://cms.lex-co.com/SCJDWeb/PublicIndex/CaseDetails.aspx?County=32&CourtAgency=32002&Casenum=2014CP3203970&CaseType=V&HKey=89977286115761184837509886757449867180671161089711298891078582811071138799985211211397114727657113687 3 (last visited Dec. 20, 2016).

4

a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## III.     Habeas Corpus

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas

5

corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### A.    Exhaustion of Remedies and Procedural Bar

In the interest of giving state courts the first opportunity to consider alleged constitutional errors in a state proceeding, relief under § 2254 may be had only after a petitioner has exhausted his state court remedies. "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997).

To exhaust a claim in state court, a person in custody has two primary means of attacking his conviction: filing a direct appeal and/or filing a PCR application under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10–160.  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, then counsel for the applicant must file a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure.  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. South Carolina*, 375 S.C. 407, 653 S.E.2d 266, 267 (2007); *see also Marlar v. Warden, Tyger River Correctional Inst.*, 432 F. App'x 182, 186-88 (4th Cir. May 25, 2011).  "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 321 S.C. 563, 564 (1990).

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition.  *Smith v. Murray*, 477 U.S. 527, 533 (1986). Procedural default can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

If a federal habeas petitioner has procedurally defaulted his opportunity for relief in the state courts, the exhaustion requirement is technically met and the rules of procedural bar apply.  *See Matthews*, 105 F.3d 907 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), *Teague v. Lane*, 489 U.S. 288, 297-98 (1989), and *George v. Angelone*, 100

7

F.3d 353, 363 (4th Cir. 1996)). Thus, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. *Teague,* 489 U.S. at 297-98.

### 1. Cause and Prejudice

Nevertheless, because the requirement of exhaustion is not jurisdictional, a federal court may consider claims that have not been presented to the highest South Carolina court with jurisdiction in very limited circumstances. *Granberry v. Greer,* 481 U.S. 129, 131 (1989). Specifically, a federal court will review a procedurally defaulted claim if the petitioner can demonstrate sufficient cause for the default and actual prejudice resulting from the failure. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

"Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quoting *Murray*, 477 U.S. at 488). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he also must show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. A petitioner must show an actual and substantive disadvantage as a result of the error, not merely the possibility of harm.

### 2. Actual Innocence

As an alternative to demonstrating cause for failure to raise a claim, a petitioner may show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show that he is actually innocent. *See Murray*, 477 U.S. at 496 (holding that a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### B.    Ineffective Assistance of Counsel

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for

9

counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95.

## ANALYSIS

### I.     The Magistrate Judge's Report

In her Report, the Magistrate Judge first determined that the majority of the claims Petitioner raises in ground two (alleging ineffective assistance of trial counsel) and all of the claims Petitioner raises in ground three (alleging ineffective assistance of appellate counsel) are procedurally barred.

Specifically, in ground two, Petitioner alleges that trial counsel was ineffective for failing to: (a) object to or challenge the use of Petitioner's prior convictions for sentencing enhancement; (b) object to the tape being played in court and sent to the jury room; (c) challenge the classification of Petitioner's prior convictions as serious crimes; (d) object to the trial judge providing audio equipment that allowed the jury to listen to the tape of the controlled buy with the confidential informant; (e) challenge a sentence of life without parole for the distribution of .17 grams of crack cocaine; (f) bring to the court's attention Petitioner's pending motion to dismiss indictments; (g) interview Petitioner's witnesses and subpoena them for trial; (h) object to Petitioner not being re-indicted or signing a valid waiver; (i) pursue motions for directed verdict; (j) file a motion in opposition to life-without-parole notice; (k) attack the arrest warrant; and (l) challenge the court's jurisdiction.  In ground three, Petitioner claims his appellate counsel was ineffective for failing to raise claims for lack of subject matter jurisdiction and prosecutorial retaliation.  According to the Magistrate Judge, the only claim in ground two that Petitioner properly raised in the South Carolina appellate courts is his claim that trial counsel was ineffective for failing to object

to the trial judge providing audio equipment that allowed the jury to hear the tape of the controlled buy. Accordingly, the Magistrate Judge determined that the remainder of Petitioner's ground two claims are procedurally defaulted. In addition, the Magistrate Judge found that Petitioner failed to show sufficient cause and prejudice to excuse the default, and the Magistrate Judge rejected Petitioner's assertion that grounds two (a) through (c) and (e) through (l) are not procedurally barred based on *Martinez v. Ryan*, – U.S. –, 132 S.Ct. 1309, 1315 (2012).[5] Stated briefly, the Magistrate Judge determined that Petitioner's claims in grounds two (a) through (c) and (e) through (l) are not "substantial" and do not have merit. *See id.* at 1318-20. Finally, the Magistrate Judge determined that Petitioner failed to show actual innocence to excuse the procedural default, insofar as the record makes an assertion of actual innocence not credible.

Likewise, with respect to ground three, where Petitioner asserts that appellate counsel was ineffective for failing to raise claims for lack of subject matter jurisdiction and for prosecutorial retaliation, the Magistrate Judge found the claims procedurally barred. The Magistrate Judge also found that Petitioner failed to demonstrate cause and prejudice, or actual innocence, to excuse the default.

Next, the Magistrate Judge considered the merits of ground one, where Petitioner alleges that the trial court erred in sentencing him to a life sentence without parole, in

---

[5] Pursuant to *Martinez*, an error by a prisoner's PCR counsel during an initial state collateral review proceeding can qualify as "cause" to excuse the procedural default of a claim of trial counsel ineffectiveness if: (1) state law required the prisoner to wait until PCR to raise the *Strickland* claim; (2) the prisoner's underlying *Strickland* claim is "substantial"; and (3) the prisoner can establish that PCR counsel was ineffective under *Strickland*. *Martinez*, 132 S. Ct. at 1318-19. To the extent Petitioner seeks to invoke *Martinez* to allege his PCR counsel was ineffective for failing to raise the claim, he must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." *Id.*

11

violation of the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution. The Magistrate Judge reiterated the appellate court's findings on this issue and found that Petitioner is not entitled to relief. In addition, the Magistrate Judge determined that, to the extent Petitioner now seeks to raise a new allegation in this ground–namely, that the state "should not have used the invalid, void, non-existing, fraud indictment No.'s 1-7 on the face of the life without parole notice"–the claim is procedurally barred based on Petitioner's failure to present this issue to the South Carolina appellate courts. (ECF No. 24 at 32.) Ultimately, the Magistrate Judge recommended that the Court find that Petitioner is not entitled to relief on ground one.

Lastly, the Magistrate Judge considered the merits of ground two (d) (the only ground two issue the Magistrate Judge found not to be procedurally barred). In ground two (d), Petitioner alleges that trial counsel was ineffective in failing to object to the trial judge providing audio equipment for the jury to hear the tape of the controlled buy. In recommending that the Court grant summary judgment on this issue, the Magistrate Judge repeated the PCR court's findings and determined that Petitioner failed to show that the state court's treatment of this issue resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

## II.    Petitioner's Objections

Petitioner filed 25 pages of written objections to the Magistrate Judge's Report. After review, it appears that Petitioner devotes the majority of his objections to simply rehashing his claims, and ultimately, he does not point to any legal or factual error in the

Magistrate Judge's Report sufficient to alter the outcome of this case. Nevertheless, because the Court agrees with Petitioner that the Magistrate Judge's Report fails to properly consider the merits of certain of Petitioner's claims, the Court will review each of Plaintiff's grounds in turn.

First, the Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment on ground one, where Petitioner asserts that the circuit court erred in sentencing him to a life-without-parole sentence in violation of the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution. As the Magistrate Judge properly noted, Petitioner raised this issue on direct appeal, and the South Carolina Court of Appeals squarely rejected the claim, finding that South Carolina's recidivist statute, S.C. Code Ann. § 17-25-45(B)(1), which provides an enhanced penalty scheme for multiple serious offenses, is not unconstitutional. The Court finds no reason to disturb the state court's findings, as the Court finds that Petitioner has not demonstrated that the state court's rejection of Petitioner's claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. As such, the Court finds that Respondent is entitled to summary judgment on ground one.

Next, with respect to ground two, where Petitioner raises various claims of ineffective assistance of trial counsel, the Magistrate Judge determined that the only claim that is not procedurally barred is Petitioner's argument in ground two (d), where Petitioner asserts that trial counsel was ineffective in failing to object to the trial judge providing audio equipment

13

for the jury to hear the tape of the controlled buy. After review, however, the Court disagrees with the Magistrate Judge that ground two (d) is the only claim that is not procedurally defaulted. Instead, the Court finds that Petitioner raised grounds two (a) through (e) during his PCR proceedings, and the PCR court's order of dismissal effectively addressed these issues. Accordingly, the Court will address the merits of these claims.

In its order of dismissal, the PCR court outlined the testimony from the evidentiary hearing and ultimately found counsel's testimony more credible than Petitioner's. The PCR court then considered Petitioner's allegation that trial counsel was ineffective for failing to object to the use of Petitioner's prior convictions to enhance Petitioner's sentence.[6] In rejecting this claim, the PCR court stated:

> This Court finds the trial judge meticulously reviewed the clerk's records for possible error. [ ] The allegations that Applicant's numerous prior convictions were invalid rested merely on hearsay and speculation. This Court agrees with counsel that this allegation is without merit. Counsel carefully advised Applicant on the propriety of the use of his prior convictions to meet the LWOP statute's requirement. Furthermore, the trial judge carefully scrutinized Applicant's certified prior convictions.

(ECF No. 21-1 at 328 (internal citations omitted).)

Second, the PCR court considered and ultimately rejected Petitioner's arguments related to the admissibility of the audio tape of the controlled buy with the confidential informant, finding that counsel was not ineffective for failing to object to the admission of the tape.[7] More specifically, the PCR court determined that Petitioner had no privacy interest in the wire worn by the informant; that the informant's identity was properly

---

[6] In his § 2254 petition, Petitioner raises issues concerning the prior convictions used to enhance his sentence in the context of ground one and ground two (a) and (c).

[7] In grounds two (b) and (d) of his § 2254 petition, Petitioner raises claims related to the admissibility of the tape of the controlled buy.

disclosed to counsel; that a proper foundation for the evidence was laid; that the informant selected Petitioner from a photographic lineup and testified that she had known him for 20 years prior to the sale; and that Petitioner's claim that counsel should have objected to the jury having the exhibits in the jury room was wholly without merit.  After review of the record, the Court finds that Petitioner has failed to demonstrate that the PCR court's findings on these issues resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts.

Next, with respect to Petitioner's claim in ground two (e), where he asserts that counsel was ineffective for failing to challenge his life-without-parole sentence, the Court also finds no merit to this claim.  First, as discussed in the context of ground one above, Petitioner raised the issue of his life-without-parole sentence on direct appeal, and the appellate court squarely rejected the claim.  Moreover, to the extent Petitioner properly raised the issue on PCR,[8] the Court finds that Petitioner has not shown that counsel's performance was deficient, or that counsel's performance caused Petitioner any prejudice. Thus, the Court finds that Petitioner is not entitled to relief on this claim.

Although the PCR court considered and rejected the ground two claims set forth

---

[8] On page 4 of the PCR court's order of dismissal, the PCR court included the following summary of counsel's remarks from the evidentiary hearing:

> Counsel testified to his course of conduct during his representation. . . . He independently reviewed the solicitor's notice of intent to seek LWOP.  He obtained the prior sentencing sheets from the Clerk [of] Court, and upon examination, counsel determined the convictions listed in the notice comported with the Clerk's records.  Counsel discussed the accuracy of the notice with Appellant.  He explained to Applicant that there was no way to challenge the numerous prior convictions that supported the notice.  Instead, he advised Petitioner that he would mount an Eighth Amendment challenge to the LWOP statute.

(ECF No. 21-1 at 325.)

above, the PCR court also determined that Petitioner "effectively abandoned the remaining allegations set forth in his application at the hearing," and no Rule 59 motion was filed to seek rulings on any additional issues. (ECF No. 21-1 at 330.) Thus, after consideration, the Court agrees with the Magistrate Judge that the remainder of Petitioner's ground two claims (namely, those set forth in ground two (f) through (l) above) are procedurally barred. Moreover, the Court agrees with the Magistrate Judge that Petitioner has failed to demonstrate cause and prejudice, or actual innocence, to excuse the default. Nor has Petitioner shown that *Martinez* entitles him to relief, as the Court agrees with the Magistrate Judge that Petitioner has not shown that the remainder of his claims are "substantial." 132 S. Ct. at 1318-19. In all, therefore, the Court agrees with the Magistrate Judge that Petitioner is not entitled to relief on ground two.

Finally, with respect to ground three, where Petitioner asserts claims of ineffective assistance of appellate counsel, the Court agrees with the Magistrate Judge that Petitioner failed to raise these claims at the appropriate time in state court and, thus, they are procedurally defaulted. Moreover, the Court finds that Petitioner has not shown cause and prejudice, or actual innocence, to excuse the default. In addition, even assuming these claims were preserved for review, and even assuming the Court could reach the merits of ground three, the record contains no evidence (1) to indicate that the circuit court lacked subject matter jurisdiction to hear Petitioner's trial and sentence him or (2) to show any prosecutorial retaliation. Thus, the Court agrees with the Magistrate Judge that Petitioner is not entitled to relief on ground three.

## **CONCLUSION**

Based on the foregoing, the Court adopts the Magistrate Judge's Report (ECF No.

27) to the extent it is consistent with this order, and the Court grants Respondent's motion for summary judgment (ECF No. 20). In addition, the Court denies as moot Petitioner's motion to stay his motion for expansion of the record (ECF No. 11).

**AND IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

January 3, 2017
Greenville, South Carolina


### CERTIFICATE OF APPEALABILITY

The governing law provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.